**UNIVERSITY OF TEXAS MEDICAL SCHOOL AT HOUSTON,**
Appellant,

v.

**Allan THAN, Appellee.**

No. 01–91–01431–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 4, 1992.

Dan Morales, Atty. Gen., Leo L. Barnes, Tammy L. Stroud, Asst. Atty. Gens., Austin, for appellant.

Bruce A. Coane, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and WILSON, JJ.

## ORDER

WILSON, Justice.

This is an interlocutory appeal from the trial court's grant of a temporary injunction. Appellee, Allan Than, asks this Court to grant his emergency motion to find appellant, The University of Texas Medical School at Houston (the medical school), in contempt for its alleged violation of the temporary injunction order issued against the medical school by the trial court on November 26, 1991. The pertinent part of the order states:

> That Defendants treat Plaintiff, with respect to his continued studies and other activities within and in connection with medical school, such as registering for and attending classes, performing clinics and taking examinations, as a student in good standing.

Than is a fourth year medical student at the medical school. The trial court issued a temporary injunction against appellant, based on its finding that the school violated Than's right to due process regarding a disciplinary hearing. The trial court held that irreparable harm would result to Than if the injunction were not issued. Appellant filed its appeal of the temporary injunction and moved that the trial date of February 3, 1992, be reset.

Than was accepted to a University of Virginia Health Science Center residency, which requires that appellee submit a Certificate of Professional Education as part of its statutory provision for temporary licensure as a Virginia medical resident. The medical school has refused to submit the certificate.

Than is scheduled to graduate as a medical doctor on Friday, June 5, 1992. He has completed all of the studies necessary to graduate. Than is currently preparing for the FLEX examination that is required before a medical license may be issued. That examination is scheduled for June 18, 1992. In order to take the FLEX examination, Than must bring his diploma to the examination on the first day of the test.

This Court must consider Than's emergency motion for contempt, in which he asks us to find that appellant is in contempt of the temporary injunction order and to order that the school issue Than's Certificate of Professional Education to the University of Virginia Health Science Center on behalf of Allan Than, furnish Than with his medical diploma for the purpose of completing the FLEX examination, and order that Than be permitted to participate in commencement proceedings on June 5, 1992.

We are, however, reserving our ruling on the motion for contempt until submission of the appeal on the temporary injunction, which will take place on Tuesday, June 9, 1992, at 9:00 a.m. Pursuant to our authority under Texas Rule of Appellate Procedure 43(c), we order that Than be permitted by the medical school to participate in the graduation proceedings as would a student in good standing, without prejudice to either of the parties as to a final determina-

tion on the merits of his trial. The medical school is not required to actually issue a diploma to Than at the graduation. If the medical school furnishes Than with his diploma, it may be inscribed as follows: "Please be advised that there is litigation pending at this time between Mr. Allan Than and the University of Texas Medical School concerning Mr. Than's surgery NBME grade. The outcome of this litigation may or may not affect Mr. Than's recorded grade for surgery and his standing at the University," as permitted in the order for temporary injunction.

This order is made solely to preserve the rights of the parties and in no way should be construed as a ruling on the appellee's emergency motion for contempt or on the merits of the appeal from the temporary injunction.

We further order that oral argument on the appeal pending before this Court be set for Tuesday, June 9, 1992, at 9:00 a.m.

It is so ORDERED.

DUNN J., dissents.

DUNN, Justice, dissenting.

I dissent.

The appellee, Alan Than, has filed a motion for contempt in this Court and prayed for the following relief: (1) that the appellant, The University of Texas Medical School at Houston (UTMS), be ordered to issue a Certificate of Professional Education to the University of Virginia Health Science Center for him in connection with his residency; (2) that UTMS be ordered to furnish him with his diploma for purposes of the FLEX examination; and (3) that UTMS be ordered to allow him to participate in commencement proceedings on June 5, 1992.

This motion was filed in connection with the appeal from the trial court's temporary injunction order of November 26, 1991. The order restrained UTMS from taking any action against Than as a result of its determination that he was guilty of academic dishonesty and should be expelled. Among other things, UTMS was ordered to respond to Than's request for letters and

information required by him in applying for residencies, but UTMS was permitted to state that litigation was pending, giving the cause number, while otherwise maintaining the confidentiality of the school proceedings. The appeal from the temporary injunction has not yet been heard before this Court.

The majority grants the third ground of relief sought by Than in his motion for contempt, without finding UTMS in contempt, and orders the motion for contempt to be taken with the case. The majority justifies its action under Tex.R.App.P. 43(c). Rule 43(c) provides:

> On perfection of an appeal from an interlocutory order, the appellate court may issue such temporary orders as it finds necessary *to preserve the rights of the parties....*

First, I can find no legal authority authorizing a court to order relief requested in a motion of contempt without first deciding the contempt.

Second, rule 43(c) is invoked to "preserve" the "right" of Than to walk across the stage at commencement exercises. The majority finds this "right" on page three of the temporary injunction order, which states:

> ORDERED that [UTMS] ... are hereby restrained from taking any action against [Than] as a result of their determination that [Than] was guilty of academic dishonesty and should be expelled from school, specifically:
>
> 1. That [UTMS] treat Than, with respect to his continued studies and other activities within and in connection with medical school, such as registering for and attending classes, performing clinics and taking examinations, as a student in good standing;
>
> .     .     .     .     .
>
> 4. That [UTMS] respond as they would to any similarly situated student in good standing, to [Than's] request for all letters and other information required by [Than] in making his application(s) for residencies. [UTMS] may, however, apprise any institution to whom such infor-

mation is sent of the pendency of this litigation by including with such information a letter or statement that is worded as follows: "Please be advised that there is litigation pending at this time ... concerning Mr. Than's surgery NBME grade. The outcome of this litigation may or may not affect Mr. Than's recorded grade for surgery and his standing at the University". . . .

Nowhere in the above paragraphs does it state that Than be allowed to walk across the commencement stage. I find the language quoted above to lack the specificity necessary to grant the relief sought by Than in his motion for contempt. The majority is using rule 43(c) to grant the relief sought by Than in ground three of his prayer for relief in his motion for contempt, without ruling on his motion for contempt or addressing the validity or invalidity of the temporary injunction that the majority implies gives Than the "right" they are preserving.

I would deny the motion for contempt because of lack of specificity contained in the temporary injunction order, and I would not grant any temporary relief under rule 43(c). I agree that we need to hear the appeal from the temporary injunction on June 9.